**23-1449**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Appellee, <br><br> v. <br><br> **ROBERT SYLVESTER KELLY**, <br><br> Appellant. | The Honorable Harry D. Leinenweber, Judge Presiding |

**MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S OPENING BRIEF**

Appellant Robert S. Kelly, by and through his attorney, Jennifer Bonjean of the Bonjean Law Group, hereby files this Motion for an Extension of Time to File Appellant's Opening Brief. In support thereof, Appellant submits the attached declaration and states as follows:

1. On September 14, 2022, a jury found Appellant Robert S. Kelly guilty of counts one, two, three, nine, ten and twelve of the superseding indictment after a plea of not guilty. Counts one, two and three were offenses in violation of 18 U.S.C. § 2251(a) and counts nine, ten and twelve were offenses in violation of 18 U.S.C. § 2422(b). The Appellant was found not guilty on counts four through eight, eleven and thirteen of the superseding indictment.

2. On February 16, 2023, the District Court denied Appellant's Motion for a Judgment of Acquittal pursuant to Fed. R. Crim. P. 29 and Motions for a New Trial pursuant to Fed. R. Crim. P. 33.

3. On February 23, 2023, Appellant was sentenced to 228 months on counts one, two and three to run concurrent to all other counts and his thirty-year sentence in *USA v. Kelly*, 19-cr-286 (E.D.N.Y.); 12 months on counts one, two and three to run concurrent to all other

counts but consecutive to his sentence in *USA v. Kelly*, 19-cr-286 (E.D.N.Y.); 180 months on counts nine and twelve to run concurrent to all other counts and his sentence in *USA v. Kelly*, 19-cr-286 (E.D.N.Y.) and 120 months on count ten to run concurrent to all other counts and his sentence in *USA v. Kelly*, 19-cr-286 (E.D.N.Y.).

4. Judgment was entered on March 7, 2023.

5. Notice of Appeal was timely filed on March 9, 2023.

6. On March 9, 2023, this Court ordered the transcript information sheet to be filed by March 23, 2023, and the opening brief to be filed by April 18, 2023.

7. The docketing statement was filed on March 14, 2023. The transcript information sheet was filed on March 22, 2023, with an amended version filed on March 24, 2023.

8. On April 7, 2023, appellant filed his first motion for an extension of time to file his brief which was granted that same day.

9. Undersigned counsel received all the transcripts totaling over 4000 pages on April 14, 2023.

10. On May 5, 2023, undersigned counsel sought a forty-five-day extension of time until July 3, 2023, to file his opening brief. This Court granted Appellant's motion.

11. Appellant is now seeking a thirty-day extension of time until August 2, 2023, to file his opening brief pursuant to Local Circuit Court 26 where undersigned counsel is unable to adequately consult with her client prior to the current due date and she is engaged in an exceptional amount of other litigation fully explained in counsel's attached declaration.

12. This is Appellant's third request for an extension of time to file his opening brief.

13. The government has no objection to this motion.

                                           Respectfully submitted,
                                           <u>/s/ JENNIFER BONJEAN</u>

                                           BONJEAN LAW GROUP PLLC
                                           750 Lexington Avenue, 9th Floor
                                           New York, NY 10022
                                           718-875-1850
                                           Jennifer@bonjeanlaw.com

                                           **<u>Chicago Office:</u>**
                                           Bonjean Law Group, PLLC
                                           53 W. Jackson Blvd., Suite 315
                                           Chicago, Illinois 60604

## **DECLARATION OF JENNIFER BONJEAN**

JENNIFER BONJEAN, of full age and having been duly sworn according to law, hereby declares the following:

1. I am an attorney licensed to practice in the State of Illinois, United States District Court for the Northern District of Illinois and Court of Appeals for the Seventh Circuit.

2. I am the owner and founder of the Bonjean Law Group, PLLC with offices in New York at 750 Lexington Avenue, 9th Floor, New York, New York 10022 and in Illinois at 53 W. Jackson Blvd, Suite 315, Chicago, Illinois 60604.

3. I submit this declaration in support of Appellant's Motion for an Extension of Time to File his Opening Brief pursuant to Local Circuit Rule 26 and Federal Rule of Appellate Procedure 26(b).

4. The Bonjean Law Group is a boutique law firm comprised of myself, one managing partner and one part-time paralegal. Undersigned counsel's firm has an extensive caseload of over 70 cases with undersigned counsel predominantly responsible for the firm's appellate work. Specifically, undersigned counsel is responsible for digesting Appellant's record, drafting the brief and consulting with Appellant prior to filing his opening brief. Due to undersigned counsel's engagement in other litigations that pre-date the judgment entered against Appellant in this matter, she is unable to complete Appellant's brief by July 3, 2023. Furthermore, undersigned counsel must visit with Appellant prior to filing his brief as he is functionally illiterate and needs assistance of counsel to read and review the brief with him in advance of filing. For those reasons undersigned counsel is seeking a thirty-day extension until August 2, 2023, to file his brief.

5. The professional obligations set forth below are not an exhaustive list, however, those identified require a substantial amount of work, have undersigned counsel working 80-hour work weeks and limited undersigned counsel's ability to visit Appellant who is housed in North Carolina.

6. Over the last month, undersigned counsel had five depositions in the matter of *Ochoa*

*v. Lopez,* 20-cv-02977 (N.D. Ill.). These were court ordered depositions that were previously scheduled to accommodate several attorneys and deponents' schedules which could not be changed.

7. Undersigned counsel was in the State of Illinois on June 8, 2023, for in-person rulings on a Motion for a New Trial in *People v. Tyrone Smith,* 17-cr-15584(01) and the State of California on June 9, 2023, for a conference in the matter of *Jane Doe 1 v. Weinstein,* 23SMCV00591.

8. During the week of June 12, 2023, undersigned counsel had no fewer than nine separate criminal or civil court hearings and conferences to participate in which limited her ability to schedule a prison visit which can only be conducted Monday through Friday from 8:00 AM to 3:00 PM.

9. During that same week, undersigned counsel was preparing for two hearings which were scheduled to take place in Illinois on June 20 and June 21. On June 20, 2023, undersigned counsel was supposed to have a third stage evidentiary hearing that stemmed from a 1981 murder case. The conviction was remanded on June 29, 2022. *People v. David Ayala,* 142 Ill. App. 3d 93 (1986) Although the matter did not proceed to the hearing on that scheduled date, undersigned counsel's client was flown into Illinois from Utah, and she needed to be present in court to request that he be remanded to the county jail in preparation for that hearing which has been reschedule to July 26, 2023. Undersigned counsel was not aware until June 14, 2023, that the hearing was not proceeding as scheduled so she was preparing until she found out.

10. Additionally, undersigned counsel had a hearing to litigate *Youngblood* and discovery violations scheduled to commence on June 21, 2023, in *People of the State of Illinois v. Tyrone Clay*, 12-CR-03080. Undersigned counsel's client was arrested in 2012 for an alleged shooting of a Chicago police officer and his case had been pending pretrial for twelve years. Undersigned counsel and her partner, who were new to the defense team, were actively preparing for this hearing which involved an extensive review of twelve years of discovery. The City of Chicago retained private attorneys in mid-February to review and produce large amounts of discovery

which had been previously withheld from the defense. In less than four months, the attorneys retained by the City of Chicago billed approximately $500,000 for the same task conducted by undersigned counsel and her partner *pro bono*. Furthermore, undersigned counsel had several prosecutors and police officers subpoenaed to testify on June 21, 2023, which required a great deal of preparation. On the night before the hearing, undersigned counsel was informed by the State that they intended to dismiss all charges[1]. A significant amount of time and work went into preparing for that hearing which prevented her from focusing on the present appeal.

11. While preparing for the above-mentioned hearings, undersigned counsel filed a reply brief on June 19, 2023, in the matter of *People v. Juan Rodriguez*, 1-21-0907. This case is currently pending in the Illinois Appellate Court for the First District and stems from a 2004 murder conviction.

12. Furthermore, and significantly, undersigned counsel has a brief due to the United States Court of Appeals for the Eighth Circuit in *United States v. James Timothy Norman*, 23-1473. This case stems from an alleged murder-for-hire and conspiracy to commit murder-for-hire from March 14, 2016. Following a nine-day jury trial, on September 16, 2022, Defendant Norman was found guilty of conspiracy to commit murder-for-hire charged in Count One of the Superseding Indictment, murder-for-hire as charged in Count Two of the Superseding Indictment and conspiracy to commit mail or wire fraud as charged in Count Three of the Superseding Indictment. On March 2, 2023, Appellant was sentenced to life on each of counts one and two and 240 months on count three, all such terms to be served concurrently. Judgment was entered that same day. Appellant's brief is due on July 6, 2023 and undersigned counsel is traveling to Bruceton Mills, West Virginia today, June 26, 2028, to meet with her client in advance of filing. These travel plans had been solidified since May 30, 2023.

13. Once undersigned counsel files the above-mentioned brief, she has to turn her

---

[1] https://abc7chicago.com/chicago-police-officer-clifton-lewis-murder-shooting-crime-news/13410602/

attention to an opening brief due in this court in the matter of *United States v. Shawn Baldwin,* 21-2925. Mr. Baldwin was convicted on February 26, 2019, following a three-week trial on eight counts of fraud. He was sentenced on October 18, 2021, to 204 months on each count with all terms to run concurrently. His direct appeal was stayed pending retention of counsel. Undersigned counsel filed her appearance on March 22, 2023, and based on the date of the conviction as well as the July 20, 2023, deadline to submit Appellant Baldwin's brief, counsel must prioritize that brief next.

14. Importantly, as previously stated, Appellant Kelly is functionally illiterate so counsel must confer with him in person for extended periods of time to read and review the brief submitted on his behalf. Due to the extensive obligations set forth above, undersigned counsel was unable to do so before July 3, 2023. This proved even more difficult where undersigned counsel resides in New York while Appellant is now in North Carolina. Granting undersigned counsel's motion for an extension will give her the opportunity to visit Appellant and have meaningful discussions with him regarding this pending appeal.

15. The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel on his first appeal as of right. *Vinyard v. United States,* 804 F.3d 1218, (7th Cir. 2016). As the United State Supreme Court has held "the need for forceful advocacy does not come to an abrupt halt as the legal proceeding moved from the trial to appellate stage. Both stages of the prosecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone, and that substantial legal and factual arguments are not inadvertently passed over." *Penson v. Ohio,* 488 U.S. 75, 85 (1988).

16. With these principles in mind, undersigned counsel needs adequate time to consult with Appellant in order to competently represent him on direct appeal.

17. The government has no objection to this request.

18. For the reasons set forth above, undersigned counsel seeks a thirty-day extension of time until August 2, 2023, to file his opening brief in this matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Executed: June 26, 2023 | /s/ JENNIFER BONJEAN<br>JENNIFER BONJEAN<br><br>BONJEAN LAW GROUP PLLC<br>750 Lexington Avenue, 9th Floor<br>New York, NY 10022<br>718-875-1850<br>Jennifer@bonjeanlaw.com<br><br>**Chicago Office:**<br>Bonjean Law Group, PLLC<br>53 W. Jackson Blvd., Suite 315<br>Chicago, Illinois 60604 |

Case: 23-1449    Document: 11    Filed: 06/26/2023    Pages: 9

## **CERTIFICATE OF SERVICE**

      I, Jennifer Bonjean, an attorney, certify that I electronically filed the foregoing on June 26, 2023 with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/ Jennifer Bonjean